

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JJD:JLG
F. #2020R00632

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 10, 2025

**REQUEST TO BE FILED UNDER SEAL**

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Vladimir Antonio Arevalo-Chavez
                Criminal Docket No. 22-429 (JMA)

Dear Judge Azrack:

The government respectfully submits this letter in opposition to the defendant's request for additional time to respond to the pending motion to dismiss.

I.    Relevant Procedural Background

As the Court is aware, on April 1, 2025, the government filed a letter-motion seeking the dismissal, without prejudice, of the above-captioned Indictment against the defendant, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. Specifically, as set forth in the government's motion, the United States has determined that sensitive and important foreign policy considerations outweigh the government's interest in pursuing the prosecution of the defendant, under the totality of the circumstances, requiring dismissal of the case.

On April 2, 2025, counsel for the defendant filed a request to respond to the government's motion, and asked this Court to refrain from ruling on the motion until the defense had an opportunity to respond. That response was due on or before April 9. On April 9, counsel for the defendant filed the instant adjournment request, now seeking until April 23, 2025 to respond. The government opposes that request, and respectfully submits that the Court should both deny the defendant's request for additional time to file a response to the motion, and grant the government's pending motion at this time.

II.  Analysis

With respect to the substantive motion to dismiss, the Court's "inquiry is narrow." United States v. Adams, No. 24-CR-556 (DEH), --- F.Supp.3d ---, 2025 WL 978572, at *15 (S.D.N.Y. Apr. 2, 2025).  Indeed, "only '[r]arely will the judiciary overrule the Executive Branch's exercise' of its discretion 'to eschew or discontinue prosecutions.'"  Id. (quoting United States v. Blaszczak, 56 F.4th 230, 238 (2d Cir. 2022)).  Put simply, "the Court cannot order DOJ to continue the prosecution …"  Id. at *39.  Importantly, where, as here, the government has moved to dismiss the indictment before trial, the defendant's consent is *not* necessary.  Id. at *24 n.37.

The defense request for more time to "discuss options" with his client is effectively groundless.  Because a pretrial Rule 48(a) motion may be decided by the Court without consideration for the defendant's position one way or the other, and because the judicial authority of court to deny the government's motion to dismiss the indictment based on the stated reasons here – namely, geopolitical and national security concerns – is exceedingly narrow, the additional two weeks requested by the defense is wholly unnecessary.

Therefore, the government respectfully requests that the Court deny the defendant's motion for additional time to furnish a response, and grant the government's motion to dismiss.

Lastly, as before, the government respectfully requests that this letter be filed and maintained under seal, given the significant operational concerns outlined in the government's April 1 letter-motion.  The government has previously conferred with counsel for the defendant, who has consented to litigate this motion under seal.

      Respectfully submitted,

      By:  /s/ John Durham
          John J. Durham
          United States Attorney
          Eastern District of New York

cc:    Louis M. Freeman, Esq. (by email)