# FREEMAN, NOOTER & GINSBERG
## ATTORNEYS AT LAW

LOUIS M. FREEMAN
THOMAS H. NOOTER*
LEE A. GINSBERG

*NY AND CALIF. BARS

75 MAIDEN LANE
SUITE 907
NEW YORK, N.Y. 10038

(212) 608-0808
Cell: (917) 847-1361

April 10, 2025

**REQUEST TO BE FILED UNDER SEAL**

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE: United States v. Vladimir Antonio Arevalo-Chavez
Criminal Docket No. 22-429 (JMA)

Dear Judge Azrack:

I am writing to reply to the letter filed under seal today by the government opposing my request for additional time to respond to its motion to dismiss the indictment without prejudice and requesting an immediate decision on the motion.

The reason I am requesting additional time is that I am concerned about two things for which some additional research and legal drafting is required:

1) whether the unusual action to move to dismiss an indictment on the ground that my client should be prosecuted in El Salvador for the same or similar crimes first is being made in bad faith, since the world now knows that the prison system in El Salvador is notorious for depriving people of their lives, torture of inmates, and otherwise failing to provide even minimal due process of law (which would be a basis for requesting that the indictment be dismissed, if at all, <u>with</u> prejudice), and

2) setting up a mechanism for ensuring that my client receives an opportunity while still here in the United States to contest his removal to El Salvador using the protections of the immigration laws (Immigration and

Nationality Act, 8 U.S.C. § 1101, 1158, 1231(b)(3), and 8 CFR § 208.16) and, more importantly, Article III of the Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec.10 1984, 1465 U.N.T.S. 85, (commonly referred to as "CAT").

As the Court knows, I have asked to have my partner, Thomas H. Nooter, be appointed as co-counsel to advise on the immigration law implications of the government's motion because, as the Court also knows, even the U.S. Supreme Court has stated that people should not be removed under provisions of expedited removal or the Alien Enemies Act without giving them an opportunity to state and be heard on the protections our laws and our treaty obligations provide against being removed to a country where torture and other abuse of prisoners is common. See *per curiam* Decision in *Trump v. J.G.G.*[1], 604 U.S. __ (4/7/2025), No. 24A931. I may need to prepare and file a writ of habeas corpus (as the *J.G.G.* case says is the proper avenue for raising defenses against removal), and I need to be sure that my client is not summarily removed before that can be done.

For those reasons I respectfully ask the Court to give me until the date I have requested, or at least until some date next week (even though I expect to be engaged in a trial in the Southern District of New York all week), so that my client's rights can be protected.

I thank the Court for Your Honor's attention to my original request and to this response to the government's opposition.

Sincerely,

*/s/ Louis M. Freeman*
Louis M. Freeman
Attorney for Defendant Averalo-Chavez

---

[1] "The detainees also sought equitable relief against summary removal. Although judicial review under the AEA is limited, we have held that an individual subject to detention and removal under that statute is entitled to " judicial review"" as to "questions of interpretation and constitutionality" of the Act as well as whether he or she " is in fact an alien enemy fourteen years of age or older." *Ludecke [v. Watkins*, 335 U. S. [160], at 163–164 , 172, n. 17 [(1948)].

cc: John J. Durham, United States Attorney, by
     Justina Geraci, Assistant United States Attorney
     (By email)