

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JJD:JLG
F. #2020R00632

*610 Federal Plaza*
*Central Islip, New York 11722*

June 23, 2025

**By ECF and Email**
The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: United States v. Vladimir Antonio Arevalo-Chavez
     Criminal Docket No. 22-429 (JMA)

Dear Judge Azrack:

  The government respectfully submits this brief letter in reply to the defendant's June 13, 2025 supplemental letter to the Court (ECF Dkt. No. 180), which reasserts the defense position that dismissal of the indictment be with prejudice, and seeks further delay in the entry of any dismissal order.

  *First*, with respect to the primary issue before the Court, the defendant reiterates his consent to the government's motion to dismiss the indictment. The government respectfully renews its unopposed request for the Court to dismiss the indictment against the defendant as soon as possible.

  *Second*, regarding the secondary question of whether such dismissal should be without prejudice, the defendant repeats a number of his prior arguments, which the government previously rebutted, see ECF Dkt. No. 170, and supplements them based on recent media and human rights reports intended to persuade this Court that bad faith taints the government's dismissal motion. See ECF Dkt. No. 180, pp. 2-14. The defendant's repeated accusations of bad faith are nothing more than a desperate effort to convince this Court to dismiss the indictment with prejudice rather than without, despite clear evidence to the contrary. Indeed, the government has diligently sought and obtained, and thereafter provided to the Court and counsel for the defendant, information and documents which set forth the various charges against, and arrest warrants for, the defendant in El Salvador. See ECF Dkt. Nos. 170 (Apr. 30, 2025 ltr. listing charges), 173 (May 14, 2025 ltr. attaching arrest warrants and active Red Notice), 175 (May 20 ltr. providing certified translations). The government has been informed that the Salvadoran charges remain pending, as do the related arrest warrants. That includes, of course, an active Red Notice tied to

charges that were levied against the defendant in May 2018 – four years *before* charges were brought against him here in the United States – and for which he has not been tried or convicted. While the defendant solely focuses on two charges for which he was recently convicted *in absentia*, he ignores the fact that he is only aware of the status of those charges *because* of the government's diligence and disclosures – a fact which further undermines his claims of bad faith. See ECF Dkt. No. 180, at p. 2 (noting that the defendant was told of his convictions by his counsel, after receiving documents from the government). Moreover, while he treats it dismissively, the defendant does not dispute that a mechanism exists under Salvadoran law for him to attempt to reopen those cases upon his return to El Salvador. Id. at p. 3. As the government has previously noted, the country of El Salvador has an independent judiciary and Supreme Court, as well as an appellate process, by which the defendant can challenge his charges and convictions. See ECF Dkt. No. 170, p. 2. While the defendant previews arguments he may advance in administrative and/or civil immigration proceedings challenging El Salvador's processes and procedures, those arguments are not relevant to the instant motion, and should not serve to distract the Court from the central issue that, pursuant to Rule 48(a), the government has the discretion to move to dismiss the indictment, in order to permit El Salvador – the defendant's country of citizenship – to proceed with its criminal matters first. Further, as previously noted, the defendant's unequivocal claim that he will fight his removal to El Salvador and seek immigration relief in the United States highlights the critical importance that the indictment be dismissed *without* prejudice. See ECF Dkt. No. 180, p. 15. Specifically, if the defendant were to be successful with any of his immigration claims, he could be released into the United States homeland, which would present a significant risk of danger to the community, unless the government retains the ability to reinstate the terrorism and racketeering charges in the indictment. See ECF Dkt. No 170, pp. 3-4 (dismissal without prejudice is necessary, because the defendant is a high-ranking MS-13 leader, is not a United States citizen, is charged with extremely serious terrorism and racketeering offenses, is facing life in prison, and presents a significant risk of danger to society).

Moreover, the government's motion remains rooted in significant geopolitical and national security concerns of the United States, and the sovereign authority of the Executive Branch in international affairs, to which the current criminal case must yield. See ECF Dkt. No. 170, pp. 1-2. While the defendant renews his attempted reliance on Adams, as previously set forth, such reliance is completely misplaced. Id. at pp. 3-4. Here, there is no *quid pro quo* arrangement (or even an allegation by the defendant of such) between the government and this defendant. Id. Therefore, the concerns relied upon by the district court in Adams do not apply to the defendant. United States v. Adams, No. 24-CR-556 (DEH), -- F.Supp.3d --, 2025 WL 978572, *39 (S.D.N.Y. Apr. 2, 2025). In sum, where, as here, the government has proffered legitimate, non-conclusory and specific reasons supporting the dismissal of the indictment without prejudice, the government respectfully submits that this Court should summarily deny the defendant's motion for dismissal with prejudice.

*Finally*, despite the fact that the government's motion to dismiss has been pending for more than ten weeks as of the date of this writing, the defense once again requests a delay in the entry of the Court's dismissal order. The government has already addressed the impropriety of this request. See ECF Dkt. No. 170, p. 4. The defendant's intention to seek habeas and/or immigration relief is simply not relevant to this Court's determination of the instant motion, and the defendant has set forth no legal authority suggesting that such a stay would be necessary or

legally appropriate at this juncture. See ECF Dkt. No 180, pp. 15 -18. Indeed, as the government has previously asserted, defendants are not entitled to tread water on the criminal docket while they explore potential avenues to thwart removal proceedings in immigration court. See ECF Dkt. No. 170, p. 4.

For the reasons set forth above, and in the government's previous letters to the Court, the government respectfully submits that the Court should grant the government's motion to dismiss the indictment without prejudice forthwith, and deny the defendant's request for further delay without a hearing.

      Respectfully submitted,

      JOSEPH NOCELLA, JR.
      United States Attorney


      /s/ John J. Durham
      John J. Durham
      Justina L. Geraci
      Paul G. Scotti
      Assistant United States Attorneys
      (631) 715-7900


cc:    Louis M. Freeman, Esq. (by ECF and email)
      Thomas H. Nooter, Esq. (by ECF and email)